# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  57866-2-II |
| Respondent, | |
| v. | |
| DWAYNE RUSSELL SATTERFIELD, | UNPUBLISHED OPINION |
| Appellant. | |

PRICE, J. — In 1991, Dwayne R. Satterfield was sentenced to life in prison without the possibility of release (LWOP) for aggravated first degree murder.  Following our Supreme Court's 2021 decision in *In re Personal Restraint of Monschke*[1], Satterfield was resentenced to life *with* the possibility of release.

Satterfield appeals, arguing this current sentence is unconstitutional and requests that we reverse and remand for the sentencing court to correct his sentence.

Last month, our Supreme Court issued its decision in *State v. Carter*, No. 101777-4 (Wash. May 23, 2024), https://www.courts.wa.gov/opinions/pdf/1017774.pdf, which now makes it clear that Satterfield's current sentence is unauthorized.  We therefore reverse Satterfield's sentence and remand for resentencing consistent with *Carter*.

---

[1] 197 Wn.2d 305, 325-26, 482 P.3d 276 (2021) (plurality opinion).

## FACTS

Satterfield was convicted of aggravated first degree murder for a fatal shooting he committed when he was 18 years old. Satterfield was sentenced to life in prison without the possibility of release, as then required by former RCW 10.95.030 (1989), the sentencing statute for aggravated first degree murder.

In 2021, our Supreme Court determined that a mandatory sentence of life in prison without the possibility of release was unconstitutional for defendants under 21 years old who were convicted of aggravated first degree murder. *In re Pers. Restraint of Monschke*, 197 Wn.2d 305, 325-26, 482 P.3d 276 (2021) (plurality opinion). The Supreme Court reasoned that there was no meaningful neurological difference between many 17-year-olds and 19- to 20-year-olds and explained that "sentencing courts must have discretion to take the mitigating qualities of youth . . . into account for defendants younger and older than 18." *Id.* at 326.

Following *Monschke*, Satterfield received a resentencing hearing. The sentencing court determined that the mitigating qualities of youth applied to Satterfield and, imposing what it believed was consistent with *Monschke*, sentenced Satterfield to life *with* the possibility of parole but with no minimum term.

Satterfield appeals his sentence.

## ANALYSIS

Satterfield asks this court to remand for another resentencing, arguing that his new sentence of life with the possibility of parole with no minimum term is unconstitutional and offers an "illusory promise of parole." Appellant's Br. at 20. Following *Carter*, we agree that Satterfield's sentence is improper and remand for resentencing.

In *Carter*, two defendants, Carter and Reite, who were both under the age of 21 when they committed aggravated first degree murder, had been sentenced to life without the possibility of release. *Carter*, slip op. at 5. Following *Monschke*, both defendants moved for resentencing and were resentenced to determinate terms. *Carter*, slip op. at 6, 9-10, 12.

The State appealed Carter's and Reite's sentences. *Id.* at 12-13. The State argued that the only possible sentence post-*Monschke* that was consistent with the aggravated first degree murder sentencing statute, RCW 10.95.030, was life *with* the possibility of parole. *Id.* at 16. The State contended RCW 10.95.030 should be read as,

> [A]ny person convicted of the crime of aggravated first degree murder shall be sentenced to life imprisonment ~~without the possibility of release or parole~~.

*Id.* (internal quotation marks omitted). The State further argued that even if such a sentence would not provide an effective opportunity for release for the defendant, it was up to the legislature to fashion a remedy. *Id.* at 17.

Carter and Reite argued that RCW 10.95.030 should be modified to essentially permit any type of sentence, with life without parole as only one option. *Id.* at 16-17. The defendants proposed the following reading of the statute:

> Any person convicted of the crime of aggravated first degree murder ~~shall~~ [may] be sentenced to life imprisonment without the possibility of release or parole.

*Id.* (internal quotation marks omitted).

Our Supreme Court ultimately rejected the State's position. *Id.* at 18-20. The court explained that the State's reading of the statute "would effectively eliminate any useful discretion" at the trial court and "would [result in] no guidance as to when a person would become eligible for parole or the authority that would govern," resulting in "no functional alternative . . . [to life

without parole]." *Id.* at 18-19. The Supreme Court also recognized that the Indeterminate Sentence Review Board does not have authority to administer parole and supervise those under community custody or parole for aggravated first degree murder, which would in turn would make life without parole "effectively mandatory." *Id.* at 19.

The Supreme Court therefore held that an available sentence could be a determinate term of any length (which could still be reviewed for an abuse of discretion) or life without the possibility of parole, at the sentencing court's discretion. *Id.* at 20. But a sentence of life *with* the possibility of parole was not authorized. *Id.* at 18-20, 22-24.

Following *Carter*, the State moved in this case for accelerated consideration of Satterfield's appeal. The State concedes that Satterfield's current sentence of life with the possibility of parole is unauthorized. Thus, the State asks us to reverse and remand for resentencing, and to immediately issue a mandate for completion of this case. Regarding its request for an immediate mandate, the State commits to not moving for reconsideration or filing a petition for review if we reverse Satterfield's current sentence.

We agree that *Carter* compels the conclusion that Satterfield's sentence is unauthorized. We therefore reverse Satterfield's sentence and remand for proceedings consistent with *Carter*. And because the State has committed to not moving for reconsideration or filing a petition for review, our clerk of court shall issue the mandate in this case immediately upon filing of this decision. *See* RAP 12.5(b).

No. 57866-2-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

MAXA, P.J.

CHE, J.

5